**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JUAN ALVAREZ, | : | Civil Action No. 06-3320 (MLC) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| U.S. DEP'T OF HOMELAND | : | |
| SECURITY, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

**APPEARANCES:**

> JUAN ALVAREZ, #341858D
> Central Reception & Assignment Facility
> Cadre Unit - P.O. Box 7450, West Trenton, New Jersey 08628
> Petitioner Pro Se

**COOPER,** District Judge

Petitioner Juan Alvarez, a state-sentenced inmate confined at the Central Reception & Assignment Facility, petitioned for a Writ of Habeas Corpus under 28 U.S.C. § 2241. The Court will dismiss the Petition without prejudice.

## I. BACKGROUND

Juan Alvarez is a native of Cuba who entered the United States on July 2, 1990, as a refugee. On July 6, 1992, his status was adjusted to a lawful permanent resident. On November 28, 2004, Petitioner was convicted in New Jersey Superior Court of possession with intent to distribute marijuana. On February 17, 2006, the Superior Court sentenced Petitioner to a five-year term

of incarceration.  New Jersey prison officials have calculated Petitioner's projected release date as November 20, 2009.

On April 24, 2006, the Department of Homeland Security ("DHS") issued a notice to appear in removal proceedings on a date to be scheduled.  The notice alleges that Petitioner is subject to removal on the grounds that he has been convicted of an aggravated felony and a law relating to a controlled substance.  The DHS also lodged a detainer with the New Jersey prison authorities indicating that an investigation has been initiated to determine whether Petitioner is subject to removal, and asking the NJDOC to detain Petitioner for a period not to exceed 48 hours and notify DHS of the time of release at least 30 days prior to release.

Petitioner signed the Petition and affidavit to proceed in forma pauperis on July 14, 2006.  He seeks relief from unjust detention by the DHS after New Jersey releases him from confinement.  He asserts the following grounds for relief:

> Ground One:  Due Process Violations.
> Petitioner states that he exhausted the facts due to his removal from the United States, he is sure that he is going to be ordered removed from the United States of America for his activities in the offenses that precluded to his aggravated felony and he now request to be place on an order of supervision by the authorities of the Immigration and Customs Enforcement authorities due to the fact of not having a foreseeable future of removal would include unconstitutional issues that would violate the petitioner freedom and his "life and Liberty" of all the nations especially international laws and their treaties.

Ground Two:  Substantive Due Process Violation.
Petitioner as to be completely reviewed by the
Immigration and Customs Enforcement Agency for a possible
relief from the undue hardship of being unlawfully
detained without a possible foreseeable future of
removal from the United States at this time, accordingly
the issues at hand are as follows:  the petitioner is of
Cuban descent and due the facts between country of Cuba
and the United States of America do not have any
treaties at this time or any foreseeable future and also
the facts that the United States does have an economic
embargo with Cuba and that there is no embassies in the
United States makes the matter at least an extreme
hardship for the petitioner seeking interim relief from
undue custody and hardships especially the Immigration
and Custom Enforcement plans to detain the petitioner
said for at least (6) months by the cases at hand that
is really cruel and unusual punishment for a petitioner
that being further released to be detain again by the
(ICE) and the U.S. Department of Homeland Security-ICE.
Furthermore, the petitioner is Requesting under the "In-
Custody-Statute" to be aligned with the (ICE) process of
removal time, that is the (6) months of post-removal
period to run together adjacent to the custody of the
(NJDOC) because under any supervision system that federal
laws apply the time is said to run concurrent and the
alien may seek for immediately for relief on Order of
supervision and work authorization by the (DHS-ICE).

Ground Three:  Estoppel
Petitioner claims that all the officer for this agency
of (ICE) and the courts also stated that he is being
deprived of "life and liberty" and that since he is a
foreigner he will not be included to protect him from
the six months of unforeseeable detention without any
cause of action for his removal any time soon or
possible removal, just being held for the six month is a
to much of lengthy time to serve not purpose towards any
action of the (ICE) this matters violates all treaties
with constitutions and international laws and treaties
with the respect of personal liberties and life.  The
petitioner was not allowed to speak his mind and others
while in the surrounding of the U.S. Department of
Homeland Security custody or the time given the Order to
Show Cause or Notice of Intent by ICE and the government
intentions wonder what is next to the effect or enactment
of the Immigration and customs enforcement attempts.

3

Ground Four:  Constitutional laws and international laws
and treaties.
Petitioner seeks to have all relevant facts and acts and
events that would hesitate for the petitioner to have
without a doubt unreasonable detention for a possible
expedited removal order executed at any time soon or in
other words in the foreseeable future to legalize any
detention on the petitioner sufficient grounds to detain
and remove the petitioner at any given time or likely to
happen in near future.  Petitioner seeks to ask for the
relief from undue hardships and other matters that would
produce extreme hardships for the petitioner.  The
petitioner request to be heard on the issues that a
substantial amount of detention time is unconstitutional
because there is no cause or enforceable removal by the
U.S. Department of Homeland Security at any time soon or
in the near future to expedite any type of removal with
the petitioner is obsolete and unjustly and violates all
rights of the people basically citizens and aliens to
all have rights  and privileges to be free if there is
no such cause for his detention violates any due process
cause by all means. (Inefficient Purpose)

(Pet. ¶ 12.A. to 12.D.)

## II.  DISCUSSION

Habeas Rule 4 requires a district court to dismiss a

petition before ordering an answer if the petitioner is not

entitled to relief.  See 28 U.S.C. § 2254, Rule 4, applicable

through Rule 1(b).  Habeas Rule 4 provides in relevant part:

The clerk must promptly forward the petition to a judge
. . . and the judge must promptly examine it.  If it
plainly appears from the petition and any attached
exhibits that the petitioner is not entitled to relief
in the district court, the judge must dismiss the
petition and direct the clerk to notify the petitioner.

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

"Federal courts are authorized to dismiss summarily any

habeas petition that appears legally insufficient on its face."

4

McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773
F.2d 37, 45 (3d Cir. 1985).  Dismissal without the filing of an
answer or the State court record is warranted "if it appears on
the face of the petition that petitioner is not entitled to
relief."  Id. at F.2d 37; see United States v. Thomas, 221 F.3d
430, 437 (3d Cir. 2000) (petition may be dismissed where none of
grounds alleged would entitle petitioner to relief).

A.  Jurisdiction

    28 U.S.C. § 2241(c)(3) states that the "writ of habeas
corpus shall not extend to a prisoner unless- . . . He is in
custody in violation of the Constitution or laws or treaties of
the United States."  A federal court has subject matter
jurisdiction under § 2241(c)(3) if:  (1) the petitioner is "in
custody" and (2) the custody is "in violation of the Constitution
or laws or treaties of the United States."  28 U.S.C. §
2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).

    Neither the Supreme Court nor the Third Circuit Court of
Appeals has determined in a published opinion when the lodging of
an immigration detainer satisfies the "in custody" requirement
under § 2241.  But several circuits have held that an INS detainer
requesting advance notice of a prisoner's release, without more,
does not satisfy the "in custody" requirement of § 2241.  See
Zolicoffer v. U.S. Dep't of Justice, 315 F.3d 538, 541 (5th Cir.
2003) ("prisoners are not 'in custody' for purposes of 28 U.S.C. §

2241 simply because the INS has lodged a detainer against them");
Garcia v. Taylor, 40 F.3d 299, 303, 304 (9th Cir. 1994) ("bare
detainer letter alone does not sufficiently place an alien in INS
custody to make habeas corpus available" where it does not ask
"warden to do anything but release Garcia at the end of his term
of imprisonment"); Prieto v. Gluch, 913 F.2d 1159, 1164 (6th Cir.
1990) (petitioner not "in custody" where INS "detainer notice
does not claim the right to take a petitioner into custody in the
future nor does it ask the warden to hold a petitioner for that
purpose"); Orozco v. Immig. & Nat. Serv., 911 F.2d 539, 541 (11th
Cir. 1990) ("filing of the detainer, standing alone, did not
cause Orozco to come within the custody of the INS"); Campillo v.
Sullivan, 853 F.2d 593, 595 (8th Cir. 1988) (where detainer
"merely notifies prison officials that a decision regarding his
deportation will be made by the INS at some future date . . .
filing of an INS detainer, standing alone, does not cause a
sentenced offender to come within the custody of the INS").

     In Vargas v. Swan, 854 F.2d 1028 (7th Cir. 1988), the
Seventh Circuit analyzed circumstances under which an INS
detainer satisfies the "in custody" requirement.  Vargas, a
Mariel Cuban incarcerated by the State of Wisconsin, filed a
habeas petition challenging an INS detainer.  Id. at 1029.  The
detainer sought notice of Vargas's pending release date at least
30 days in advance but was accompanied by neither a warrant of

arrest nor an order to show cause.  Id. at 1030.  Declining to
"take the detainer label affixed here and rotely match it up with
cases labeled detainer cases," the Seventh Circuit considered
"the effect of the INS's action and whether it restrain[ed]
Vargas to the extent found sufficient to establish custody in
other detainer cases."  Id.  Based on Braden v. 30th Jud'l Circ.
Ct. of Ky., 410 U.S. 484, 489 n.2 (1973), Moody v. Daggett, 429
U.S. 78, 80-81 n.2 (1976), and Preiser v. Rodriquez, 411 U.S. 475
(1973), the Seventh Circuit concluded that "an action that has as
part of its effect the 'holding' of a prisoner for a future
custodian who has evidenced an intent to retake or to decide the
prisoner's future status at the end of his or her current
confinement serves to establish custody for habeas purposes."
Id. at 1032.  Because the INS failed to place sufficient evidence
in the record to establish the effect of the INS detainer,
however, the Seventh Circuit remanded for a determination whether
the prison treated the INS detainer as a request for a "hold" or
only as a request for notice.  Id. at 1033.

     Petitioner here has provided a copy of the detainer.  The
detainer asks NJDOC to "detain the alien . . . to provide adequate
time for ICE to assume custody of the alien."  (Pet., Immigration
Detainer.)  Thus, Petitioner is "in custody" under the detainer
and may attack future custody by the DHS.  See Braden, 410 U.S.
at 488 (where detainer lodged by Kentucky seeking future custody,

prisoner is in custody to attack Kentucky indictment); <u>Peyton v. Rowe</u>, 391 U.S. 54 (1968) (discarding prematurity doctrine, and permitting prisoner to challenge future custody).

<u>B. The Merits</u>

The Petition challenges Petitioner's future detention by the DHS.  But the DHS may legally detain Petitioner when New Jersey releases him, whether or not a final order of removal has issued.

The power to deport encompasses the power to detain.  <u>See</u> <u>Reno v. Flores</u>, 507 U.S. 292, 306 (1993); <u>Carlson v. Landon</u>, 342 U.S. 524, 538 (1952).  If no order of removal has issued by the time New Jersey releases him, then Petitioner's detention pending a decision on whether he is to be removed is required by 8 U.S.C. § 1226(c)(1)(B) (alien who is deportable by reason of having committed aggravated felony must be taken into custody).  If Petitioner's order of removal is final at the time New Jersey releases him, then 8 U.S.C. § 1231(a)(2) requires his detention during a 90-day statutory "removal period."  8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"); <u>Zadvydas v. Davis</u>, 533 U.S. 678, 683 (2001).

If DHS does not remove Petitioner within the 90-day removal period, then § 1231(a)(6) authorizes the Attorney General to either release or continue to detain him.  <u>See</u> 8 U.S.C. § 1231(a)(6) (alien ordered removed may be detained beyond the removal period and, if released, is subject to terms of supervision in paragraph (3)).

In Zadvydas, the Supreme Court held that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."  533 U.S. at 689. But "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699.  The Court recognized six months as a "presumptively reasonable period" of post-removal-period detention. Id. at 701.  "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.

The Supreme Court ruled in Clark v. Martinez, 125 S.Ct. 716, 726 (2005), that the post-removal-period detention of two inadmissible aliens from Cuba who had not effected "entry" was no longer statutorily authorized by § 1231(a)(6) because removal to Cuba was not reasonably foreseeable.  The aliens "were detained well beyond six months after their removal orders became final," and the government "brought forward nothing to indicate that a substantial likelihood of removal subsists despite the passage of

six months." Id. at 727.  There, the Court held that the petitions for habeas corpus should have been granted.  Id.

Petitioner's challenge to his future detention by DHS is premature here.  DHS will be statutorily required to detain Petitioner when New Jersey releases him.  Only if DHS continues to detain Petitioner beyond the six-month period determined to be presumptively reasonable under § 1231(a)(6) in Zadvydas, will Petitioner's habeas claim mature.  See Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) ("to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future").

Under these circumstances, the Court will dismiss the Petition without prejudice to the filing of a new Petition if and when DHS has detained Petitioner beyond the six-month period determined to be presumptively reasonable under § 1231(a)(6).

### III.  CONCLUSION

The Court will dismiss the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.


                              s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge


10